IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                          :

NORMA BARTOLOMEY AVILES,                  :     CASE NO. 05-00893 (SEK)

    DEBTOR                                :     CHAPTER 13

------------------------------

**FILED & ENTERED**

**JUN 21 2006**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

### OPINION AND ORDER

Before the Court is an application for payment of attorney's fees filed by Counsel for the Debtor after the case was dismissed without confirming a plan.  Debtor objects to the payment of these fees claiming, *inter alia,* that the professional services were deficient. We ordered Counsel to answer the objection, and held a hearing to consider the parties' views.  The Trustee has no objection to these fees.  For reasons that follow we reduce the fees to $1,000.00.

### Background



The record shows this is Debtor's fourth petition for bankruptcy. These petitions were filed to stave off foreclosure, to pay mortgage arrears due to an encumbrance over her residence, and satisfy claims by the local and federal taxing authorities.  A plan of reorganization was only confirmed in her first case and, as the Trustee's final report and account shows, the mortgage creditor received $36.18 applied to its allowed claim for pre petition mortgage arrears of some $13,000.  This case was dismissed pursuant to the mortgagor's motion due to non payment of post petition monthly mortgage installments.

A plan was never confirmed in her second case, and  plan payments were not disbursed to the mortgagor.  P. R. Department of Treasury began claiming payment of unpaid income taxes as a priority in this

2

case.   Pre petition mortgage arrears increased to $22,016.24.   The Trustee's final report and account shows plan payments of some $3,035 were returned to the Debtor.

By the time Debtor filed her third case, both the P.R. Department of Treasury and the I.R.S. were claiming tax priorities, and Debtor recognized she owed $22,016.24 for pre petition arrears to the mortgagor.   Only Counsel's fees and Trustee's costs were paid  when it was dismissed due to arrears due under the plan.

Debtor voluntarily dismissed her fourth case after entry of our order to show cause, failure to obtain confirmation of four plans, and apparently paying $10,000 to the mortgagor.   Counsel then filed the instant application for approval of his fees.   The record shows the schedules were amended at the suggestion of the Trustee because Debtor disclosed possession of some $10,000 she had been saving by not paying her regular monthly mortgage installments.   These were disclosed in her amended schedules, where she improperly claimed these funds as exempt.   Schedules I and J were amended to reflect retention of $80.00 from her monthly income to pay her taxes.   Four plans were filed. None were favorably recommended by the Trustee based on Debtor's failure to explain and make lump sum payments of $10,000, feasibility as disposable income was insufficient to cover escalated plan payments, and the base of the plans was not enough for the Trustee to pay the mortgagor's allowed pre petition claim of arrears.   Debtor tried to remedy this last point by objecting the mortgagor's claim six months after the claim was filed, in response to the Trustee's unfavorable report on confirmation and our order to show cause.   He

3

never addressed the tax claims, which appear to be excessive in view of her income and number of dependents, and, in any event, these were estimated as she did not file tax returns.

Against this backdrop, Counsel claims fees of $1,680.00, $180.00 more than the agreed sum with his client as per his disclosure of compensation statement filed in this case.  The rate of compensation is $150.00 per hour and the services rendered are adequately disclosed in the attached application.

### Discussion

We adjust these fees to $1,000 for the following reasons.  Review of Debtor's prior cases would have immediately alerted Counsel to this Debtors two problems: mortgage arrears and the tax claims.  The record shows he only addressed the mortgage arrears at the suggestion of the Trustee, after filing four plans, attending two § 341 meetings and two confirmation hearings.  The claimed exemption over the $10,000 held by the Debtor in her Amended Schedules had no basis in law.  The tax situation was never addressed.

WHEREFORE, we order the Trustee to disburse this sum to Counsel in full payment of his fees, and deliver the remaining funds to the Debtor.

SO ORDERED, in San Juan, Puerto Rico, on June 21, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge